1  **WO**

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9  William Miller,                                     )   No. CV 12-2321 PHX RCB (BSB)
                                                       )
10          Plaintiff,                                 )        **O R D E R**
                                                       )
11          vs.                                        )
                                                       )
12  David Aguillar, et al.,                            )
                                                       )
13          Defendants.                                )
    _____ )

14

15          Plaintiff William Miller, who is confined in the Maricopa County Fourth Avenue Jail,

16  has filed a *pro se* civil rights Complaint (Doc. 1) pursuant to Bivens v. Six Unknown Named

17  Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and an Application to Proceed

18  *In Forma Pauperis* (Doc. 2).

19  **I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

20          Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

21  § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

22  The Court will assess an initial partial filing fee of $45.81.  The remainder of the fee will be

23  collected monthly in payments of 20% of the previous month's income each time the amount

24  in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate

25  Order requiring the appropriate government agency to collect and forward the fees according

26  to the statutory formula.

27  . . . .

**TERMPSREF**  28

1  **II.      Statutory Screening of Prisoner Complaints**

2         The Court is required to screen complaints brought by prisoners seeking relief against

3  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

4  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

5  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

6  be granted, or that seek monetary relief from a defendant who is immune from such relief.

7  28 U.S.C. § 1915A(b)(1), (2).

8         A pleading must contain a "short and plain statement of the claim *showing* that the

9  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

10  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

11  unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

12  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13  statements, do not suffice." Id.

14         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15  claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

16  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

17  that allows the court to draw the reasonable inference that the defendant is liable for the

18  misconduct alleged." Id.  "Determining whether a complaint states a plausible claim for

19  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20  experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual

21  allegations may be consistent with a constitutional claim, a court must assess whether there

22  are other "more likely explanations" for a defendant's conduct. Id. at 1951.

23         But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24  must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

25  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

26  than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

27  94 (2007) (*per curiam*)).

28  . . . .

2204fffc30103873

1 **III.    Complaint**

2          In his one-count Complaint, Plaintiff names as Defendants Deputy United States

3 Marshal David Aguillar and four Unknown Deputy United States Marshals.

4          Plaintiff claims that in the course of serving a warrant on another individual,

5 Defendants illegally detained and searched Plaintiff, without probable cause or reasonable

6 suspicion, in violation of Plaintiff's Fourth and Fourteenth Amendment rights.  Plaintiff

7 contends that a criminal prosecution was commenced against him as a result of Defendants'

8 actions; he filed a motion to suppress in the criminal case, alleging that his Fourth and

9 Fourteenth Amendment rights were violated as a result of the encounter; the motion was

10 granted, and "the case will be dismissed with prejudice."  Plaintiff seeks monetary damages.

11          Liberally construed, Plaintiff has stated a Fourth Amendment claim in his Complaint.

12 The Court will require Defendant Aguillar to answer the Complaint.[1]  The Court will not

13 direct that service be made at this time on Defendants Unknown Deputy United States

14 Marshals.  The Court is unable to identify these individuals, and, as a practical matter, it is

15 virtually impossible to serve a summons and complaint upon unknown persons.  However,

16 the Court will not dismiss Defendants Unknown Deputy United States Marshals at this time.

17 See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of

18 defendants is unknown prior to filing of complaint, plaintiff should be given an opportunity

19 through discovery to identify the unknown defendants, unless it is clear that discovery would

20 not uncover the identities or that the complaint would be dismissed on other grounds).

21 Plaintiff may use the discovery process to obtain the names of these fictitiously named

22 defendants.  If Plaintiff later discovers the identity of these fictitiously named defendants,

23 Plaintiff should seek to amend his Complaint to name them, in compliance with Rule 15 of

24 the Federal Rules of Civil Procedure.

25 . . . .

26

27

28          [1]If the criminal case has not been dismissed, Defendant Aguillar is not precluded from
filing a motion to stay this case pursuant to Wallace v. Kato, 549 U.S. 384 (2007).

1  **IV.    Warnings**

2          **A.      Release**

3          Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

4  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

5  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

6  in dismissal of this action.

7          **B.      Address Changes**

8          Plaintiff must file and serve a notice of a change of address in accordance with Rule

9  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

10 relief with a notice of change of address.  Failure to comply may result in dismissal of this

11 action.

12         **C.      Copies**

13         Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy

14 of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate

15 stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

16 an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply

17 may result in the filing being stricken without further notice to Plaintiff.

18         **D.      Possible Dismissal**

19         If Plaintiff fails to timely comply with every provision of this Order, including these

20 warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

21 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

22 comply with any order of the Court).

23 **IT IS ORDERED:**

24         (1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

25         (2)     As required by the accompanying Order to the appropriate government agency,

26 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $45.81.

27         (3)     The Clerk of Court must send Plaintiff a service packet including the

28 Complaint (Doc. 1), this Order, and summons forms for Defendant Aguillar and the United

- 4 -

1    States of America.

2        (4)    Plaintiff must complete and return the service packet to the Clerk of Court

3    within 21 days of the date of filing of this Order.  The United States Marshal will not provide

4    service of process if Plaintiff fails to comply with this Order.

5        (5)    If Plaintiff does not complete service of the Summons and Complaint on a

6    Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of

7    this Order, whichever is later, the action may be dismissed as to each Defendant not served.

8    Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

9        (6)    The United States Marshal must retain the Summons, a copy of the Complaint,

10   and a copy of this Order for future use.

11       (7)    The United States Marshal must:

12           (a)     for Defendant Aguillar, personally serve a copy of the Summons,

13       Complaint, and this Order at Government expense, pursuant to Rule 4(e)(2) and (i)(2)

14       of the Federal Rules of Civil Procedure; and

15           (b)   send by certified mail a copy of the Summons for Defendant Aguillar, the

16       Summons for the United States, the Complaint, and this Order to (1) the civil process

17       clerk at the office of the United States Attorney for the District of Arizona and (2) the

18       Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal Rules

19       of Civil Procedure.

20       (8)    Defendant must answer the Complaint or otherwise respond by appropriate

21   motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

22   Rules of Civil Procedure.

23   . . .

24

25

26

27

28

TERMPSREF                                                                                          - 5 -

1      (9)     This matter is referred to Magistrate Judge Bridget S. Bade pursuant to Rules

2  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

3      DATED this 21st day of November, 2012.

4

5

6      _____
       Robert C. Broomfield
7      Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28