**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| William Earl Miller, | ) | No. CV-12-2321-PHX-RCB (BSB) |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | |
| David Aguillar, et al., | ) | |
| Defendants. | ) | |

This matter is before the Court on its own review. For the reasons set forth below, the Court will dismiss this action without prejudice for failure to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b).

**I. Background**

Plaintiff, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 on October 30, 2012. (Doc. 1.) On November 21, 2012, the Court granted Plaintiff *in forma pauperis* status. (Doc. 5.) The Court also directed Plaintiff to notify the Court of any change in his address in accordance with Local Rule of Civil Procedure Rule 83.3(d) and warned him that failure to do so could result in dismissal of this action. (*Id*. at 4.) Local Rule 83.3(d) provides that an unrepresented party who is incarcerated must notify the Court in writing of any change in address "within seven (7) days after the effective date of the change." *Id*. On November 29 and 30, 2012, the Court received returned mail addressed to Plaintiff marked "undeliverable" noting that Plaintiff is not in custody. (Docs. 7 and 8.) Plaintiff has not notified the Court of his current address.

**II.  Discussion**

In view of Plaintiff's failure to provide notice of his current address, the Court will consider whether to dismiss this case.  Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). A plaintiff who has filed a *pro se* action must keep the Court apprised of his current address and comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to inform the Court of his current address constitutes failure to prosecute his case and a failure to comply with the Court's order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  The Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) appears to require a motion from a party. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Moreover, in appropriate circumstances, the Court may dismiss an action for failure to prosecute even without notice or hearing.  *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative is available.  Without Plaintiff's current address, however, certain alternatives are futile.  Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."  *Carey*, 856 F.2d at 1441.

The Court finds that one less drastic sanction is available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise."  Fed. R. Civ. P. 41(b).  In the instant case, the Court finds that dismissal with prejudice would be unnecessarily harsh.  The Court, therefore, will dismiss this action without prejudice pursuant to Rule 41(b).  *See Isley v. Schriro*, 2007 WL 3287587, *2 (D. Ariz. Nov. 5, 2007) (dismissing § 2254 petition without prejudice based on petitioner's failure to notify court of his current address).

Accordingly,

**IT IS ORDERED** that this action is dismissed without prejudice for failure to comply with Court orders pursuant to Rule 41(b).

DATED this 20th day of December, 2012.

Robert C. Broomfield
Senior United States District Judge

- 3 -