**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| William Miller,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>David Aguillar, et al.,<br><br>　　　　　　Defendants. | No.  CV 12-2321-PHX-RCB (BSB)<br><br>**O R D E R** |

On October 30, 2012, Plaintiff William Miller, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and an Application to Proceed *In Forma Pauperis*.  In a November 21, 2012 Order, the Court granted the Application to Proceed, concluded that Plaintiff had stated a claim in his Complaint, and ordered the Clerk of Court to send Plaintiff a service packet to complete and return so the United States Marshal could serve Defendant Aguillar.

In a December 20, 2012 Order, the Court dismissed the action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  The Court stated that it had received returned mail addressed to Plaintiff that had been marked as "undeliverable" and contained a notation that Plaintiff was not in custody.  The Court concluded that Plaintiff had failed to prosecute the case and had failed to comply with Court's Order because he

1  had failed to notify the Court of his current address. The Clerk of Court entered
2  judgment on December 20, 2012.
3  On January 3, 2013, Plaintiff filed a Notice of Change of Address. On January 14,
4  2013, Plaintiff filed a Document (Doc. 13) entitled "Plaintiff Request Court Order Filed
5  Leave to Amend After Court Dismiss the Complaint by Demand Ordered with Court."
6  On January 25, 2013, he filed a Document (Doc. 14) entitled "Plaintiff's Demand Order
7  for Court Permission to Refiled Dismissed Comply to Rule 41(b)."

**I.   Plaintiff's Documents**

In his January 14 and 25, 2013 Documents, Plaintiff states that he was never out of custody and that he attempted to notify the Court of his new address, but staff in the Arizona Department of Corrections' mail room "withheld the motion for change of address due to lack of training on two separate occasion[s] until Deputy Warden Fizer was notif[ied and] directed to provide[] outgoing legal mail." Plaintiff appears to request that the Court reopen this case so he can prosecute this action. The Court, in its discretion, will grant Plaintiff's request.

Plaintiff also states in his January 14th Document that he "allege[d] sufficient facts to support Count I on the Defendant[]s[,] but failed to state a claim for relief in Count[s] II and III due to appropriate government agency named" and requests permission to submit a first amended complaint "to cure the deficiencies outlined above." The Court will deny this request; Plaintiff's Complaint contained only one count and, therefore, there were no deficiencies in Counts Two and Three.[1]

. . . .

. . . .

---

[1] The Court noted in the November 21, 2012 Order that it would not direct that Defendants Unknown Deputy United States Marshals be served because the Court was unable to identify these individuals and because it is virtually impossible to serve unknown persons. The Court stated that Plaintiff could use the discovery process to obtain the names of these fictitiously named defendants and, if he later discovered their identities, he should seek to amend his Complaint to name them, in compliance with Rule 15 of the Federal Rules of Civil Procedure.

**TERMPSREF**

## II. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of the November 21st Order and this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's January 14, 2013 Document (Doc. 13) and January 25, 2013 Document (Doc. 14) are **granted in part** to the extent Plaintiff seeks to reopen this case and prosecute it, and **denied in part** as to all other relief requested.

TERMPSREF

- 3 -

(2) The Clerk of Court must **vacate** the December 20, 2012 Judgment (Doc. 10) and **reopen** this case.

(3) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), the November 21, 2012 Order (Doc. 10), this Order, and both summons and request for waiver forms for Defendant Aguillar and the United States of America.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7) The United States Marshal must:

(a) for Defendant Aguillar, personally serve a copy of the Summons, Complaint, and this Order at Government expense, pursuant to Rule 4(e)(2) and (i)(2) of the Federal Rules of Civil Procedure; and

(b) send by certified mail a copy of the Summons for Defendant Aguillar, the Summons for the United States, the Complaint, and this Order to (1) the civil process clerk at the office of the United States Attorney for the District of Arizona and (2) the Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

(8) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . . .

1  (9)  This matter is referred to Magistrate Judge Bridget S. Bade pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 22nd day of April, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

TERMPSREF