WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Earl Miller,<br><br>       Plaintiff,<br><br>vs.<br><br>David Aguilar, et al.,<br><br>       Defendants. | No. CV 12-2321-PHX-RCB-BSB<br><br>**O R D E R** |

      Plaintiff William Miller, appearing *pro se*, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (Doc. 1). The Court directed Defendant Aguillar to answer the Complaint, which presented one count for violation of Plaintiff's Fourth Amendment rights (Doc. 5).[1] Defendant now moves to dismiss for failure to prosecute (Doc. 46). Plaintiff did not respond to the motion.

      The Court will grant the motion to dismiss, deny all remaining motions as moot, and dismiss the action.

///

///

---

[1] The Court did not direct service as to Defendant Unknown Deputy and, instead, informed Plaintiff that he could utilize the discovery process to identify the fictitiously named defendant and amend his pleading accordingly (Doc. 5). To date, Plaintiff has not amended his Complaint to identify the John Doe Defendant.

## I.     Motion to Dismiss for Failure to Prosecute

Defendant argues that dismissal is appropriate because of Plaintiff's failure to obey the Court's order to attend his deposition (Doc. 46). Defendant first scheduled the deposition for January 13, 2014, but Plaintiff failed to appear. Defendant then sought and received an Order compelling Plaintiff's attendance at his deposition but Plaintiff has not cooperated in rescheduling his deposition. Further, Plaintiff did not respond to the motion to dismiss, despite receiving a warning from the Court outlining the consequences for failing to respond (Doc. 47).

## II.    Legal Standard and Analysis

Plaintiff has the general duty to prosecute this case. See Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In addition, Rule 7.2(i) of the Local Rules of Civil Procedure provides that if a party does not serve and file the required answering memorandum, such non-compliance with the Rule "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure appear for his deposition plainly prejudices Defendant's ability to defend this action. The

1  fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to
2  consider whether a less drastic alternative is available. But the Court need not exhaust every
3  sanction short of dismissal before finally dismissing a case. See Henderson, 779 F.2d at
4  1424.

5  There is nothing in the record to controvert Defendant's evidence that Plaintiff failed
6  to appear for his deposition despite the Court's Order directing him to do so. There is also
7  nothing to indicate that Plaintiff will cooperate in the future; he did not even respond to the
8  motion to dismiss. It appears that Plaintiff has abandoned this litigation. The Court will
9  dismiss the case.

10 **IT IS ORDERED:**

11 (1) Defendant's Motion to Dismiss for Lack of Prosecution (Doc. 46) is **granted**.

12 (2) All remaining motions are denied as moot.

13 (3) This action is **dismissed** without prejudice, and the Clerk of Court must enter
14 judgment accordingly.

15 (4)   For the reasons set forth herein, pursuant to 28 U.S.C. § 1915(a)(3), an
16 appeal from the judgment in this action would not be taken in good faith.

17 DATED this 18th day of March, 2014.

_____
Robert C. Broomfield
Senior United States District Judge